UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITY FUND, et al.,<br>　　　　Plaintiffs,<br>　v.<br>PAUL DAVIS, et al.,<br>　　　　Defendants. | Case No. 13-cv-02407-JCS<br><br>**REPORT AND RECOMMENDATION RE ORDER TO SHOW CAUSE**<br>**Dkt. No. 9.** |

## I.　INTRODUCTION

This appears to be an unlawful detainer action where Defendants Paul Davis ("Davis") and Fedelina Roybal de Aguero ("Roybal de Aguero") (collectively, "Defendants") have removed the case to federal court. The Notice of Removal does not provide any basis for federal jurisdiction. As far as can be ascertained, there is not federal question or diversity jurisdiction on the face of the complaint. On July 11, 2013, the Court issued an Order to Show Cause why the case should not be remanded to the Superior Court of California, County of Contra Costa for lack of subject matter jurisdiction. Defendants did not file an opposition or appear at the hearing on the Order to Show Cause, held on July 26, 2013 at 9:30 a.m. For the reasons stated below, the Court recommends that the action be remanded to the Superior Court of California, County of Contra Costa.

## II.　BACKGROUND

Defendants removed the underlying action on May 28, 2013. Dkt. No. 1 (Notice of Removal). The Notice of Removal contains some argument to the effect that removal is timely, but does not provide any basis for removal. *Id*. at 1-2. Further, the Notice of Removal expresses concern regarding property located at 541 Banyan Circle, Walnut Creek, CA ("the Property"). *Id*. Documents attached to the Notice of Removal indicate that Community Fund LLC acquired the Property in late 2012 or early 2013 and sought to obtain possession of the property from at least Roybal de Aguero. *See id.* at 7-8. Moreover, the Notice of Removal contains a Notice of Filing an Unlawful Detainer Case, case number MS13-0353 in the Superior Court of California, County

1   of Contra Costa entitled Community Fund v. Davis ("13-0353"). *Id*. at 9.[1]  Finally, a Notice to
2   Vacate sent to Davis, apparently as a result of ("13-0353"). *Id*. at 30.  The notice evicts Davis
3   from the Property, requiring him to turn over possession of the property by May 29, 2013 at 6:01
4   AM. *Id*.
5       On May 30, 2013, Defendants submitted 477 pages of additional documentation without
6   any explanation of their relevance.  Dkt. No. 5.  Included in this documentation are the Register of
7   Actions, limited civil unlawful detainer complaint seeking relief not in excess of $25,000, and
8   summons in 13-0353 . *Id*. at 8-10, 12-18.  Judgment was entered in favor of Community Fund on
9   May 14, 2013, fourteen days before Roybal de Aguero filed a Notice of Removal in the state court
10  and in this Court. *See id.* at 9.  Also included in the documentation is the Register of Actions in
11  Contra Costa Superior Court case number WS12-0491, entitled HJ Home Investments v. Roybal-
12  de-Aguero. *Id*. at 11, 78-80.  That case was also an unlawful detainer case, with damages capped
13  at $10,000, and was dismissed without prejudice on March 21, 2013. *Id*. at 11, 78.  Roybal de
14  Aguero filed a Notice of Removal in that action on May 30, 2013, the date on which Docket
15  Number 5 was filed in this Court. *Id*. at 11.
16      The May 30 filing also contains two documents in which Roybal de Aguero purports to
17  remove 13-0353 to the United States Bankruptcy Court, Eastern District of California.  Dkt. No. 5-
18  4 at 4-7.

### III. ANALYSIS

#### A. Legal Standard Governing Removal

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

---

[1] The Notice of Removal contains other documents that appear irrelevant.  First, there is a bankruptcy complaint involving the debtor Graciela Olascoaga-Descampos.  Second, there is the ECF docket for *Roybal de Aguero v. Wells Fargo, N.A.*, 12-5977 CRB, which was initially filed in Contra Costa County Superior Court where it was assigned case number C-12-02325.  Dkt. No. 1 at 12-18.  The Notice of Removal also contains various state court materials from that action in that action. *Id*. at 19-29.

United States District Court
Northern District of California

1  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the
2  receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting
3  forth the claim for relief upon which such action or proceeding is based, or within 30 days after
4  the service of summons upon the defendant if such initial pleading has then been filed in court and
5  is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. §
6  1446(b)(1). The Ninth Circuit "strictly construe[s] the removal statute against removal
7  jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus,
8  "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first
9  instance." *Id.* (citations omitted). "The 'strong presumption' against removal jurisdiction means
10 that the defendant always has the burden of establishing that removal is proper." *Id.* (citations
11 omitted).

12 Removal jurisdiction may be based on diversity of citizenship or on the existence of a
13 federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by
14 reference to the well-pleaded complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478
15 U.S. 804, 808 (1986). "A defense that raises a federal question is inadequate to confer federal
16 jurisdiction." *Id.* "A federal law defense to a state-law claim does not confer jurisdiction on a
17 federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's
18 complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (stating that a plaintiff is
19 the "master of the complaint" who may "avoid federal jurisdiction by pleading solely state-law
20 claims"). Moreover, federal jurisdiction may not rest on a federal counterclaim, even when
21 compulsory. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 828, 830-
22 32, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002).

23 Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), based on diversity,
24 requires complete diversity of citizenship and an amount in controversy in excess of $75,000.
25 When an action is removed based on diversity, complete diversity must exist at the time of
26 removal. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v.*
27 *Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)). Moreover, an action may only be removed on the
28 basis of diversity where no defendant is a citizen of the forum state. 28 U.S.C. § 1441(b); *see*

3

*also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B. Application to Facts

Defendants have not met their burden of establishing that removal was proper.

First, Defendants have not identified any basis for federal jurisdiction.

Second, presuming Defendants seek to remove 13-0353, the Court does not have jurisdiction based on diversity because the amount in controversy does not exceed $75,000. Instead, the limited civil complaint seeks less than $25,000. Dkt. No. 5 at 15. Moreover, there is nothing in the record from which to infer that Defendants are not citizens of this state for diversity purposes. They are therefore unable to remove an action filed in state court on the basis of diversity of citizenship. 28 U.S.C. § 1441(b)(2).

Third, again presuming Defendants seek to remove 13-0353, there is no federal question jurisdiction. Under the well-pleaded complaint rule, federal question jurisdiction must arise from the face of the complaint. *Merrell Dow*, 478 U.S. at 808. Here, Plaintiff asserted in its complaint a state law cause of action for unlawful detainer. *Wells Fargo Bank v. Lapeen*, No. 11-1932-LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law"). There is no federal question on the face of the complaint to confer jurisdiction upon this court.

Accordingly, this action should be remanded to the Superior Court of the County of Contra Costa. Therefore, the court recommends remanding the case with no further delay.

//
//
//
//
//
//
//

4

## IV. CONCLUSION

For the reasons stated above, the court RECOMMENDS that this action be remanded to the Superior Court of the County of Contra Costa. The Clerk shall reassign this case to a United States District Judge for action on this Report and Recommendation.

IT IS SO ORDERED.

Dated: July 26, 2013

_____
Joseph C. Spero
United States Magistrate Judge